No. 85,531

In the Matter of JANEE D. JOSLIN, *Respondent.*

(13 P. 3d 1286)

Opinion filed December 8, 2000.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Janee D. Joslin, of Virginia Beach, Virginia, an attorney admitted to the practice of law in Kansas on October 5, 1988. The respondent has never practiced law in the State of Kansas and is presently on inactive status with this court. On July 16, 1999, the respondent entered into an agreed order of suspension of her license to practice law in the Commonwealth of Virginia for a period of 5 years subject to conditions specified in the order of suspension.

Based upon the respondent's agreement and facts contained in the agreed order of suspension, the respondent's license to practice law in the Commonwealth of Virginia was suspended by the Virginia State Bar Disciplinary Board for a period of 5 years subject to conditions set forth in the order. Kansas Supreme Court Rule 202 (1999 Kan. Ct. R. Annot. 207) provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

The Kansas Disciplinary Administrator filed a formal complaint against the respondent based upon violations occurring in the Commonwealth of Virginia. The matter was set for hearing on June 7, 2000, before the Kansas Board for Discipline of Attorneys. The respondent did not appear for hearing but admitted all allegations in the formal complaint in her written response to the formal complaint. Additionally, the respondent requested that any disciplinary

action imposed in this state be the same discipline imposed in the Commonwealth of Virginia. Frank D. Diehl, Deputy Disciplinary Administrator, appeared in person at the hearing and concurred with the respondent's request regarding Kansas discipline. Thereupon, after hearing evidence and considering the respondent's admissions, the hearing panel of the Kansas Board for Discipline of Attorneys found the following facts to be established by clear and convincing evidence:

"FINDINGS OF FACT

"1. Janee D. Joslin [hereinafter 'the Respondent'] is an attorney at law . . . . Her last registration address with the Clerk of the Appellate Courts of Kansas is . . . Virginia Beach, Virginia . . . . The Respondent was admitted to the practice of law in the state of Kansas in 1988. The Respondent does not now, and has not ever practiced law in the state of Kansas. Currently, the Respondent is on inactive status with the Kansas Supreme Court.

"2. On July 16, 1999, the Respondent, with the benefit of counsel, agreed to an Order of Suspension before the Virginia State Bar Disciplinary Board. The Order of Suspension included the following stipulations of fact:

1. During all times relevant hereto, the Respondent, Janee Deann Joslin (hereinafter Respondent or Ms. Joslin), was an attorney licensed to practice law in the Commonwealth of Virginia. From July 15, 1993, through and continuing to date, Ms. Joslin has been employed full-time as an Assistant Commonwealth's Attorney for the City of Virginia Beach. During this period, Ms. Joslin has not engaged in the private practice of law. During the course of her employment as a full-time Assistant Commonwealth's Attorney, the Respondent's clients have been the Commonwealth of Virginia and the City of Virginia Beach. The Complainant who was also a witness in the prosecution of the criminal case was not a client of Ms. Joslin's.

2. In 1993-94, during the course of her duties as an Assistant Commonwealth's Attorney for the City of Virginia Beach, Ms. Joslin successfully prosecuted a criminal case involving multiple charges of child sexual abuse occurring between 1975 and 1977. The complaining witness in the criminal case, who is also the Complainant in the matter now pending before the Virginia State Bar Disciplinary Board, was approximately twelve to fourteen years old at the time of the criminal offenses in 1975-1977. The defendant in the criminal case was the boyfriend of the Complainant's mother and the Complainant's coach in junior high school. The Complainant did not report any of the alleged criminal offenses to any law enforcement authorities until 1993 while she was receiving counseling relating to her repressed memories. After said report, a police investigation ensued in 1993, and the defendant in the criminal case confessed to the charges of sexual abuse. In May, 1994, the defendant pled guilty in the Circuit Courts of the City of

Chesapeake and in Virginia Beach. The defendant was sentenced in both jurisdictions, and the criminal cases were concluded in Chesapeake on August 2, 1994 and in Virginia Beach on August 15, 1994. At the time of the sentencings in August, 1994, the Complainant was approximately 31 years old.

3. During the autumn of 1993, Ms. Joslin met the Complainant for the first time in the Office of the Commonwealth's Attorney in the City of Virginia Beach. During the preparation for the prosecution of the criminal cases, Ms. Joslin became aware of the Complainant's factual background.

4. During the course of the successful prosecution of the criminal cases by Ms. Joslin, she and the Complainant became friends. Their friendship continued until about a year after the case had been concluded. In the complaint filed with the Virginia State Bar, the Complainant alleges that she had a sexual relationship with Ms. Joslin while the criminal case was pending because the Complainant believed that Ms. Joslin represented her only hope for having the criminal case prosecuted. Ms. Joslin denies the Complainant's allegations.

5. The Respondent, however, agrees that the Virginia State Bar could meet its burden of proof.

"3. The Order of Suspension included a section on Mitigation. That section also included facts that are relevant to the instant proceedings:

. . . .

2. Ms. Joslin had never had another complaint filed against her during her . . . career.

. . . .

5. In June 1997, the Complaint in this matter now pending before the Virginia State Bar Disciplinary Board was filed with the Virginia State Bar *simultaneously* with the Complainant filing a civil suit against Ms. Joslin in the Circuit Court of the City of Norfolk, Virginia.

6. In 1998, Ms. Joslin agreed to and paid a substantial monetary settlement in the civil suit filed by the Complainant in the Circuit Court of the City of Norfolk.

"4. The Respondent was suspended by the Virginia State Bar Disciplinary Board. The Disposition was as follows:

The Respondent's license to practice law in the Commonwealth of Virginia is hereby suspended for a period of five (5) years, with four (4) of the said five years suspended for a period of five (5) years (a net active suspension of her license to practice law for one year commencing on August 1, 1999), subject to the following terms and conditions:

1. The Respondent will resign her position as Assistant Commonwealth's Attorney for the City of Virginia Beach, effective August 1, 1999.

2. By October 1, 1999, the Respondent will commence psychiatric or psychological counseling at her own expense with the goal of ensuring that she never engage in a personal relationship of the nature described in the factual stipulations recited above with a client, witness, or other interested party in a case she is involved in. The counselor chosen will be subject to the approval of the Virginia

State Bar. The Respondent will execute all appropriate releases of confidential information to the Virginia State Bar and ensure that her counselor furnish a quarterly report of her performance and progress in the counseling to the Virginia State Bar, beginning January 1, 2000, and every three months thereafter. The Respondent will continue with the said counseling until her release is deemed appropriate by the counselor.

The Respondent's failure to comply with any of the foregoing agreed terms within the time periods mentioned will result in the imposition of the alternate sanction: the imposition of the additional four (4) year suspension of her license to practice law, for a total period of five (5) years that her license to practice law in the Commonwealth of Virginia will be suspended.

The imposition of this alternate sanction will not require any hearing on the underlying charges of misconduct if the Virginia State Bar discovers that the Respondent has violated any of the foregoing terms and conditions. Instead, the Virginia State Bar shall issue and serve upon the Respondent a Notice of Hearing to Show [Cause] why the alternate sanction should not be imposed.

The sole factual issue will be whether the Respondent has violated any one or more of the terms without legal justification or excuse. Such Show Cause hearing shall be conducted pursuant to Disciplinary Board Rule of Procedure IV(D)(11). The imposition of the alternate sanction shall be in addition to any other sanction imposed for misconduct during the five-year period.

### "CONCLUSIONS OF LAW

"Based upon the above findings of fact, the Hearing Panel makes the following conclusions of law:

"1. Kan. Sup. Ct. R. 202 provides:

'A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.'

[Citation omitted.] Because the Respondent was found guilty of misconduct in Virginia, and pursuant to Kan. Sup. Ct. R. 202, the Hearing Panel concludes that the Respondent engaged in misconduct.

"2. The state of Virginia has not enacted the Model Rules of Professional Conduct. Accordingly, in order to determine which Kansas rules the Respondent violated, a comparison of the Virginia rules to the Kansas rules is required. According to the Order of Suspension, the Virginia State Bar Disciplinary Board found that the Respondent violated DR 1-102, DR 4-101, and DR 5-101.

a. DR 1-102 provides that '[a] lawyer shall not: [c]ommit a crime or other deliberately wrongful act that reflects adversely on the lawyer's fitness to practice law.' [Citation omitted.] Clearly, the language included in DR 1-102 is substantially similar to the language of KRPC 8.4(g). The record amply supports a finding

that the Respondent violated KRPC 8.4(g). As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(g).

b. DR 4-101 prohibits a lawyer from knowingly using 'a confidence or secret of his client to the disadvantage of the client' or using 'a confidence or secret of his client for the advantage of himself or a third person, unless the client consents after full disclosure.' [Citation omitted.] While this provision is similar to KRPC 1.6, the Hearing Panel concludes that clear and convincing evidence does not support a finding that the Respondent violated KRPC 1.6. Accordingly, that portion of the Formal Complaint is dismissed.

c. Finally, DR 5-101 prohibits lawyers from accepting employment if the exercise of his professional judgment on behalf of his client may be affected by his own financial, business, property, or personal interests, except with the consent of his client after full and adequate disclosure under the circumstances.

This provision is similar to KRPC 1.7(b), which provides:

'A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation . . . .'

In this case, the Respondent's clients were the City of Virginia Beach and the Commonwealth of Virginia. The Hearing Panel concludes that the professional judgment of the Respondent was affected by her own interests, and as a result materially limited the representation of her clients. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.7(b)."

Based upon the above findings of fact and conclusions of law, the Hearing Panel considered a number of factors in making the following recommendation for discipline of the respondent in this case.

### "RECOMMENDATION

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. In this case, the Respondent violated her duty to maintain personal integrity.

"*Mental State*. The Respondent knowingly engaged in the misconduct.

"*Injury*. The injury in this case is difficult to ascertain. According to the factual stipulation in the Virginia proceeding, the Complainant asserted that she had a sexual relationship with the Respondent while the criminal case was pending be-

cause the Complainant believed that Ms. Joslin represented her only hope for having the criminal case prosecuted. Accordingly, it appears that the Complainant may have suffered psychological injury as a result of the Respondent's misconduct.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. Likewise, mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In this case, no evidence in aggravation was introduced. Additionally, the only evidence in mitigation can be found in the Order of Suspension. Because of the stipulations in this case, the Hearing Panel makes so specific findings regarding aggravation or mitigation.

"THEREUPON, in making its recommendation, the Hearing Panel unanimously recommends that Respondent receive the same discipline in Kansas as she received in Virginia. Accordingly, the Hearing Panel recommends that the Respondent be suspended from the practice of law in the state of Kansas for a period of 5 years, effective August 1, 1999. Additionally, the Hearing Panel further recommends that four of the said five years be suspended for a period of five (5) years, resulting in a net active suspension of her license to practice law for one year commencing on August 1, 1999. Also, the Hearing Panel recommends that the Respondent be subject to the same terms and conditions as set out in the Order of Suspension . . . .

"Finally, the Hearing Panel recommends that before the Respondent be allowed to practice in Kansas, that she be required to satisfy the Disciplinary Administrator that the Respondent has been reinstated to the practice of law in Virginia and is in good standing with the Virginia State Bar Disciplinary Board. Through its recommendations, the Hearing Panel is trying to ensure that in no event will the Respondent be allowed to practice in Kansas, if she is not allowed to practice in Virginia."

The court agrees with the Hearing Panel that its findings of fact are established by clear and convincing evidence and adopts the same. The court also agrees with the Hearing Panel's conclusions of law and adopts the same. We further conclude that the Hearing Panel's recommendation for discipline in this case is an appropriate discipline. We therefore adopt the Hearing Panel's recommendation and impose the following discipline.

IT IS ORDERED that Janee D. Joslin be and is hereby suspended from the practice of law in Kansas for a period of 5 years, effective August 1, 1999, and that 4 of the said 5 years be suspended for a period of 5 years resulting in a net active suspension of the respondent's license for 1 year commencing on August 1, 1999, sub-

ject to the terms and conditions set forth above in the Findings of Fact, Paragraph 4, Subparagraphs one (1) and two (2), which are hereby incorporated as the terms and conditions of this court's order.

IT IS FURTHER ORDERED that the Respondent's failure to comply with any of the foregoing terms and conditions within the time periods mentioned will result in the imposition of the following alternate sanction: The imposition of the additional four (4) year suspension of her license to practice law in this state, for a total period of five (5) years that her license to practice law in the State of Kansas will be suspended.

IT IS FURTHER ORDERED that the imposition of the alternate sanction will not require any hearing on the underlying charges of misconduct if the Virginia State Bar or the Kansas Disciplinary Administrator discovers that the Respondent has violated any of the foregoing terms and conditions. Instead, the Virginia State Bar or the Kansas Disciplinary Administrator shall issue and serve upon the Respondent a Notice of Hearing to Show Cause why the alternate sanction should not be imposed.

IT IS FURTHER ORDERED that the sole factual issue upon the hearing date set by Notice of Hearing to Show Cause will be whether the Respondent has violated any one or more of the foregoing terms and conditions without legal justification or excuse. Such Show Cause hearing shall be conducted pursuant to Virginia State Bar Disciplinary Board Rule of Procedure IV(D)(11) or Kansas Supreme Court Rule 211 (1999 Kan. Ct. R. Annot. 234) regarding formal hearings. The imposition of the alternate sanction shall be in addition to any other sanction imposed for misconduct during the 5-year period.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.